**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

EDWARD EMMETT CORKER,

Plaintiff,

v. No. CV 10-1064 BB/WDS

JOE CHAVEZ, WARDEN OF
VALENCIA COUNTY DETENTION CENTER,
BARBARA SMITH, CASE MANAGER AT
VALENCIA COUNTY DETENTION CENTER,
JOHN HARRIS, DEPUTY WARDEN,

Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. Also before the Court are Plaintiff's motions to appoint counsel (Docs. 3, 22), to supplement the complaint (Doc. 11), and for extension of time to make payments (Doc. 23). For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants denied Plaintiff access to a law library and legal materials. Plaintiff also alleges, in his motion to supplement, that Defendant Harris has retaliated against him for his litigation activity by denying his request for a money order to pay filing fees and by removing him from the honor dorm. Plaintiff asserts that Defendants' actions have violated his rights under the Sixth, Eighth, and Fourteenth Amendments. For relief, the complaint seeks damages and injunctive relief.

Plaintiff's claims for injunctive relief are moot and will be dismissed. According to the docket (Doc. 23), Plaintiff was transferred out of state after he filed his complaint. The effect of the transfer is to render Plaintiff's injunction claims moot, because the named Defendants are no longer responsible for the conditions of Plaintiff's confinement. The Tenth Circuit "has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.' " *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (alteration in opinion) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)). The record contains no indication that Plaintiff will be returned to the Valencia County Detention Center, and the Court will dismiss his claims for injunctive relief as moot.

Plaintiff also brings claims for damages against Defendants Chavez and Smith. Plaintiff submitted a written request for legal materials to Defendant Chavez. According to exhibits attached to the complaint, Plaintiff's request was denied by Defendant Chavez. Defendant Smith is a

caseworker who simply returned the (denied) request form to Plaintiff and deferred to Defendant Chavez's denial when Plaintiff made further inquiries. "[T]o present a plausible right to relief . . . , it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in opinion). Here, Defendant Smith delivered requests and responses, but the complaint makes no allegation that she "personally authorized, supervised or participated in the decisions," *Horton v. Ward*, 123 F. App'x 368, 371 (10th Cir. 2005), to deny Plaintiff's requests. Plaintiff's claims against Defendant Smith will be dismissed.

Furthermore, no relief is available on Plaintiff's allegations of Defendant Chavez's denial of access to legal materials. Plaintiff makes only a conclusory allegation of injury, i.e., that he was "deprived the opportunity to mount an adequate [state habeas corpus] Petition." In the first place, Plaintiff's § 1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance, . . . [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Furthermore, Plaintiff's assertion of injury "appear[s] to suggest that the State must enable the prisoner . . . to litigate effectively once in court. These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds*[ *v. Smith*, 430 U.S. 817 (1977),] cases, and we now disclaim them." *Lewis*, 518 U.S. at 354 (internal citation omitted). Plaintiff's claims for damages against Defendant Chavez will be dismissed with leave to amend.

Plaintiff has also filed two motions for appointment of counsel. Factors the Court weighs when considering a motion for appointment of counsel in a civil rights case include " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v.*

*Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). On review of the complaint and subsequent pleadings in light of the foregoing factors, it appears that Plaintiff understands the issues in the case and is representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the motions.

IT IS THEREFORE ORDERED as follows:

Plaintiff's motions to appoint counsel (Docs. 3, 22) are DENIED at this time, the first application to proceed in forma pauperis (Doc. 4) is DENIED as moot, and the motion for extension of time to make payments (Doc. 23) is GRANTED;

Plaintiff's motion to supplement the complaint (Doc. 11) is DENIED as moot and construed as a supplement to the complaint, and the Clerk is directed to add Deputy Warden John Harris to the docket as a Defendant;

Plaintiff's claims for injunctive relief are DISMISSED with prejudice;

Plaintiff's claims for damages against Defendant Smith are DISMISSED with prejudice, and Defendant Smith is DISMISSED as a party to this action;

Plaintiff's claims for damages against Defendant Chavez are DISMISSED with leave to amend; and, within fourteen (14) days from entry of this Order, Plaintiff may amend his claims against Defendant Chavez specifying the injury caused by the alleged denials; and

The Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1, 11), for Defendant Harris.

Bruce D Black
UNITED STATES DISTRICT JUDGE